IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:25-cv-207-TES-CHW |
| | : | |
| **WORLD HEALTH ORGANIZATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Pro se Plaintiff Denver Fenton Allen, a prisoner incarcerated in the Special Management Unit at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. Plaintiff has neither paid the filing fee nor moved to proceed *in forma pauperis*. Plaintiff, however, may not proceed without paying the filing fee in full because he has three strikes under the Prison Litigation Reform Act ("PLRA") and he has not alleged facts demonstrating an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint is, therefore, **DISMISSED** for the reasons set forth below.

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* is forbidden "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately forty-eight federal civil complaints and at least three of these complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Allen v. U.S. District Court (Rome) Northern Dist.,* 4:14-cv-205-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 12, 2014) (order adopting recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Goss*, 4:14-cv-00229-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 26, 2014) (order adopting

recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Milsap*, 4:12-cv-290-HLM-WEJ, ECF No. 4 (N.D. Ga. Dec. 11, 2012) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Jan. 2, 2013) (order adopting recommendation and dismissing complaint because "allegations are wholly incredible and claims are frivolous"); *Allen v. Owens*, 1:12-cv-143-JRH-WLB, ECF No. 7 (S.D. Ga. Nov. 7, 2012) (recommending dismissal for failure to state a claim), *report and recommendation adopted*, ECF No. 9 (N.D. Ga. Dec. 5, 2012) (order adopting recommendation to dismiss for failure to state a claim); *Allen v. Brown*, 1:12-cv-52-JRH-WLB, ECF No. 26 (S.D. Ga. March 7, 2013) (recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, ECF No 29 (S.D. Ga. Apr. 1, 2013) (order adopting recommendation and dismissing action); *Allen v. Georgia*, 1:18-cv-4905-CAP, ECF No. 3 (N.D. Ga. Nov. 15, 2018) (noting that Plaintiff has three or more strikes and collecting cases), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Dec. 10, 2018) (order adopting recommendation and dismissing based on strikes).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344,

3

1350 (11th Cir. 2004). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

    This complaint suffers from the same flaws as many of Plaintiff's previous complaints.  He names defendants, such as the World Health Organization and "all 7 continents," that are not federal officials or agents subject to liability under *Bivens* and have no connection whatsoever to Plaintiff or his alleged constitutional violations. Additionally, significant portions of the complaint are illegible.  *See* ECF No. 1 at 2, 3, 4, 6.  The Court previously warned Plaintiff that "[a] complaint [which] cannot be clearly read is subject to dismissal." *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW, ECF No. 3 at 3 (M.D. Ga. May 7, 2025) (order dismissing complaint and stating that "much of Plaintiff's complaint is illegible and indecipherable gibberish"). Yet Plaintiff continues to file illegible complaints.

    While it is virtually impossible to discern the precise nature of Plaintiff's claims, he states that unnamed persons are falsifying his "medical records on bowel obstruction, priapism, ENT, abscessed and ingrown toenails, spine fractures, CTE (sic) of brain, lung, aspiration, etc." ECF No. 1 at 5.  He explains that he has suffered a bowel blockage since November 13, 2013 and "cholon (sic) hydrotherapy is key." *Id*.

4

Plaintiff alleges he has stuttering priapism as a result of nerve damage from an "18[-]hour erection" that occurred in September 2009. *Id*. Plaintiff seeks $500,000,000,000,000,000,000,000,000, a Fleet enema for his bowel blockage, and Ultram and Lupron for his priapism. *Id*. at 7.[1]

Plaintiff has been complaining about his bowel blockage and priapism for years. *See Allen v. Pannell,* 1:19-cv-535-CAP, ECF No. 3 (N.D. Ga. Feb. 15, 2019) (finding Plaintiff failed to show imminent danger where "it does not appear that Plaintiff's alleged bowel blockage is being ignored" and "the alleged blockage has not, for more than five years, actually caused any injury that has been quantified by Plaintiff except in general terms"), *report and recommendation adopted*, ECF No. 5 (N.D. Ga. March 19, 2019); *Allen v. Georgia*, 5:18-cv-0469-MTT-CHW, ECF No. 5 (M.D. Ga. May 16, 2019) (recommendation collecting cases in which Plaintiff raised similar allegations and noting that "plaintiff has . . . been complaining about this same alleged bowel obstruction for at least five years, leading courts to conclude that the condition does not place plaintiff in *imminent* danger of serious physical injury"), *report and recommendation adopted*, ECF No. 7 (M.D. Ga. Aug. 9, 2019); *Allen v. Central State Hosp.*, 5:17-cv-301-MTT-CHW, ECF No. 9 (M.D. Ga. Oct. 5, 2017) (recommendation

---

[1] Plaintiff attached to his complaint an "additional claim," which does not appear to be a claim for relief or allegations regarding an alleged constitutional violation. ECF No. 1-1. Instead, it appears (to the extent that it is legible) to be nothing more than a series of words (including profanity) written in no particular order. For example, the first line of Plaintiff's "supporting facts" is "master, limb bitch butt pumpers rate confidential inform." *Id*. at 1. Obviously, this fails to state claim for relief or demonstrate "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Instead, it is just an example of the partially illegible, profanity-laden nonsense that Plaintiff routinely files in this Court.

5

finding that Plaintiff's twenty-two listed medical conditions, including priapism and bowel blockage, do not present an imminent danger of serious physical injury), *report and recommendation adopted*, ECF No. 13 (M.D. Ga. March 13, 2018).

As in previous cases, Plaintiff has not explained how his long-existing medical conditions cause him to face an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged facts showing that any medical condition has worsened recently. He has not alleged facts showing who or when he asked for medical treatment for his bowel obstruction or priapism. Instead, he just complains about the same medical conditions about which he has complained for the last eight or more years. Thus, Plaintiff does not qualify for the "imminent danger" exception to the three-strikes rule.

Because Plaintiff did not pay the filing fee at the time he initiated this suit, the complaint must be dismissed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). When § 1915(g) bars a prisoner from proceeding, "the proper procedure is . . . to dismiss the complaint without prejudice." *Id*.

It is, therefore, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this 29th day of May, 2025.

S/ Tilman E. Self,  
**TILMAN E. SELF, III**  
**UNITED STATES DISTRICT JUDGE**